# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JAISANKAR MARIMUTHU, | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 248) filed by the Defendant, Jaisankar Marimuthu. Also before the Court are the following motions filed by the Defendant: for leave to proceed in forma pauperis and for copies (Filing No. 254); and for status (Filing No. 262). Finally, Marimuthu requested leave to amend his § 2255 motion (Filing No. 259, at 11). The government filed a brief in support of its Answer (Filing No. 253), and the Defendant filed a reply brief (Filing No. 259). On initial review, the Court summarily dismissed sections (B) and (D) of Claim One, and Claim Two. The Court required the government to answer sections (A) and (C) of Claim One. For the reasons discussed below, the § 2255 motion will be denied on its merits.

## FACTUAL BACKGROUND

Marimuthu pleaded guilty to Counts One and Twenty-Two of the Indictment charging him with: conspiracy to commit computer and securities fraud (Count One); and aggravated identity fraud (Count Twenty-Two). Marimuthu's Presentence Investigation Report ("PSR") reflected the following with respect to Count I: a base offense level of 6, pursuant to U.S.S.G. §§ 2X1I1 and 2B1.1(a)(2); a 16-level enhancement for a loss amount more than $1,000,000 but more than $2,500,000; a 4-level increase for more than 50 but less than 250

victims; a 2-level enhancement because the scheme was committed from outside the United States; and a 2-level enhancement for Marimuthu's role as an organizer, leader, or supervisor. After a 3-level downward adjustment for acceptance of responsibility, Marimuthu's total offense level was 27. His criminal history category was I, and his sentencing guideline range was 70-87 months before the application of the statutory maximum sentence. Because the statutory maximum sentence for Count I was 60 months, his guideline range became 60 months for Count I. Count II carried a statutory term of 24 months imprisonment, consecutive to any term imposed for Count I.

Marimuthu was sentenced to 57 months imprisonment on Count One and 24 months on Count Twenty-Two, with the latter term to be served consecutively. Restitution was ordered jointly and severally in the amount of $2,483,375.41. A direct appeal was filed; however, the Eighth Circuit Court of Appeals enforced the appeal waiver and in a per curiam opinion dismissed the appeal. Marimuthu's petition for rehearing by the panel was denied. His timely § 2255 motion followed.

Marimuthu argues that his trial counsel, Alan Stoler, was ineffective. Each claim that the government was required to answer is discussed below. The government's brief included a detailed statement of facts. (Filing No. 253, at 3-5.)

## DISCUSSION

In order to establish ineffective assistance of counsel, Marimuthu must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth

Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.  In the context of a guilty plea, in order to show prejudice a defendant must show "'that there is a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Cruz,* 643 F.3d 639, 642 (8th Cir. 2011) (quoting *United States v. McMullen,* 86 F.3d 135, 137 (8th Cir. 1996)).

I.      **Claim One(A) - Loss Amount**

Marimuthu argues that his trial attorney was ineffective for failing to object to the loss amount reflected in the PSR as $2,494.017.63.  (PSR, ¶ 67.)  Marimuthu argues that in a civil case filed by the Securities and Exchange Commission ("SEC") against him based on the same facts as his criminal case, the amount was lower.[1]  He objects to the inclusion of loss based on the actions of his codefendants.

According to the PSR, the number of victims included 91 individuals and 6 brokerage firms.  The loss amount of $2,494.017.63 included losses based on relevant conduct.  The PSR listed the losses per brokerage house, and the total of those figures equals $2,494.017.63.

Marimuthu was charged with conspiracy.  It appears the loss was "actual," defined as the "reasonably foreseeable pecuniary harm that resulted from the offense."  U.S.S.G.

---

[1]In the civil case, *SEC v. Marimuthu, et al.,*8:07CV94, in an affidavit in support of the SEC's motion for default judgment, an attorney for the SEC represented that Marimuthu realized profits in the amount of at least $108,600 and, in addition, the SEC could have proved losses of at least $875,000.  (8:07CV94, Filing No. 68-3.)  In granting default judgment in the civil case, this Court ordered that Marimuthu pay $108,600 for the profits he realized plus $21,981.66 interest, totaling $130,581.66.  (8:07CV94, Filing No. 73.)

3

§ 2B1.1 Application Note 3(A)(i). The Court's task is to make a "reasonable estimate" of loss based on the evidence. *Id.* Application Note 3(C).

Rather than objecting to the loss amount, defense counsel chose to object to the enhancements for the number of victims and Marimuthu's role in the offense. The PSR set out a clear and specific factual basis for the loss amount, listing each victim and its loss. Defense counsel appears to have made a sound tactical decision in not objecting to the loss amount. Doing so could have undermined his credibility with the Court with respect to the objections or other issues or arguments. *Loefer v. United States,* 604 F.3d 1028, 1030 (8th Cir. 2010) (finding counsel's decision not to object to a role enhancement was "sound trial strategy"). Based on the evidence summarized in the PSR, the Court satisfied its duty to make a "reasonable estimate" of the loss. Therefore, Marimuthu cannot prove either prong of the *Strickland* test with respect to this issue.

## II.     Claim One(C): Decision to Accept Rule 11(c)(1)(B) Plea Agreement

Marimuthu alleges that his attorney was ineffective for choosing the plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) as opposed to an agreement offered under Federal Rule of Criminal Procedure 11(c)(1)(C). The choice of the Rule 11(c)(1)(B) agreement resulted in a higher sentence, although it could have resulted in a sentence lower than the one proposed in the Rule 11(c)(1)(C) agreement if the defense had succeeded with its objections to the PSR. Once again, counsel exercised sound strategy in recommending the Rule 11(c)(1)(B) agreement. Moreover, Marimuthu does not argue he would have gone to trial as required to meet the prejudice prong of *Strickland*. Rather, he argues he would have accepted a different plea offer that would not

4

have necessarily resulted in a lower sentence. In summary, Marimuthu cannot meet either prong of the *Strickland* test.

**CONCLUSION**

For the reasons discussed, Marimuthu cannot satisfy the *Strickland* test. The record conclusively shows that Marimuthu is not entitled to relief, and his § 2255 motion will be denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 248) is denied;

2. The following motions filed by the Defendant are denied as moot:

   a. for leave to proceed in forma pauperis and for copies (Filing No. 254);

   b. for status (Filing No. 262);

3. The Defendant's request for leave to amend his § 2255 motion (Filing No. 259, at 11) is denied;

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

5. A separate Judgment will be filed.

DATED this 24th day of October, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge